## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Charles Eric Younts

v.

Commonwealth of Virginia

January 5, 1999

Case No. CH98-638
(Expungement No. 89)

By Judge William H. Ledbetter, Jr.

After being acquitted of several felony sex offenses, Charles Eric Younts seeks expungement of the charges pursuant to Virginia Code § 19.2-392.2.

The statute authorizes a circuit court to expunge a felony record where it is shown that the continued existence of such record will constitute a "manifest injustice."

At the hearing of this case on December 21, 1998, Younts testified about the potential adverse affect of his felony record. However, there is no proof that he has suffered any significant loss, in employment or otherwise, as a result of the proceedings against him.

At the expungement hearing, the court noted that a record of sexual offenses has far greater potential than most felony records for creating an enduring stigma. The court suggested that perhaps acquitees in sexual offense cases should be treated differently for expungement purposes because of this greater potential for lingering suspicion and opprobrium.

Upon reflection, however, the court is of the opinion that any such distinction must be make by the legislature, not this court. The expungement statute makes no distinction between sexual offenses or other felony records. In all felony cases, a showing that the continuing existence of the records will constitute a manifest injustice is required.

(Parenthetically, the court further notes that it is not really the continuing existence of police and court records that generally causes lasting problems for

persons acquitted of sexual offenses. Rather, human nature being what it is, the accusation itself and the publicity that surround it are the indelible marks.)

In this case, no showing of manifest injustice having been shown, the Court must deny the petition with respect to the three charges that went to trial on May 8, 1998 (No. CR97-710, No. CR97-711, and No. CR98-21).

Nevertheless, the petition will be granted as to the charge (No. CR98-22) that was nol prossed, and as to the charges that were dismissed at the preliminary hearing in lower court.

A recent decision in the Fairfax County Circuit Court, a case remarkably similar to this one, reached the same result. See *Yarrow v. Commonwealth*, 46 Va. Cir. 309 (1998).